16318.   COLONIAL HILL COMPANY *v.* HUMPHRIES.

LUKE, J. Colonial Hill Company sued Mrs. Humphries on promissory notes in the municipal court of Atlanta. To her answer denying indebtedness demurrers were urged. Upon the conclusion of the evidence a verdict was directed in favor of the defendant. Petition for certiorari was sanctioned, and upon the hearing the certiorari was overruled. *Held:* The trial court having properly overruled the demurrers to the answers of which complaint is made in the exceptions pendente lite of the defendant, and the evidence having demanded the verdict and judgment complained of, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 14, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 6, 1925.

Application for certiorari was made to the Supreme Court.

The notes sued on were payable originally to the Cobbs Land Company, and recited that they were for "part of purchase-money for lot No. 3, Block H, as per plat on the Cobbs Land Company's property situated in land lot No. 134 of the 14th district of Fulton county, Georgia." They were dated December 11, 1911. They were indorsed to Colonial Hill Company. The defendant pleaded as follows:

"1. On the 11th day of December, 1911, she entered into a contract with the Cobbs Land Company, whereby the said . . company agreed to sell her lot No. 3 in Block H..of the Cobbs Land Company's subdivision for $1100, $10 cash and the balance in monthly installments of $10 each, beginning January 16, 1912, for which she executed 109 notes, including the notes sued on, . . and upon payment of one third of the purchase price, in

addition to interest, that Cobbs Land Company would make her a bond for title to said lot, whereupon said contract would be cancelled. Said contract further stipulated that until said one third shall have been paid, defendant was merely a tenant of Cobbs Land Company, and that in the event she should, during said term of tenancy, fail to meet within thirty days after maturity either of said notes, she agreed voluntarily to surrender possession of said land to Cobbs Land Company; and that until the time for making said bond for title, the relation of landlord and tenant should exist between the parties and she had no right, title, interest, or equity in said land, but merely the right to use it as a tenant, and the rent should be all the moneys agreed to be paid during that time, with the interest accrued on the whole; and that unless each of said installments should be paid by her promptly at maturity, the Cobbs Land Company was under no obligation to execute such bond for title to her. A copy of said contract is hereunto attached as a part of this plea and answer, and is marked Exhibit A.

"2. Defendant paid the $10 cash mentioned in the contract, and the first twenty-nine of said notes, up to and including the note due May 16, 1914, making an aggregate of $300, besides interest paid by her, but not enough to entitle her to a bond for title according to said contract. The European war came on in the summer of 1914 and defendant became unable to pay any more of said notes, and it was currently rumored that the Cobbs Land Company had become involved and was about to become involved in litigation with the plaintiff, and that the purchasers of the lots would never get anything for their money, and that their contracts were worthless; whereupon defendant, on or about the —— day of August, 1914, notified the plaintiff and the Cobbs Land Company that she was not going to pay any more of said notes, and that they could take back the said lot and keep all the money she had paid in as rent. This offer was accepted by the Cobbs Land Company, and defendant voluntarily surrendered possession of said lot, and the Cobbs Land Company accepted said surrender and took back said lot, pursuant to its privilege contained in said contract (Exhibit A).

"3. Nearly ten years passed, during which time defendant heard nothing whatever from Cobbs Land Company or the plain-

tiff in regard to said notes. She was much surprised to receive a notice from the plaintiff on or about the 24th day of March, 1924, requesting her to pay them.

"4. Plaintiff took said notes, when it acquired them, with notice of said contract (Exhibit A), and with notice of the rescission of the sale by Cobbs Land Company and defendant, and with notice of all the rights and equities existing between the original parties to said notes. Plaintiff acquired all of said notes after they had matured.

"5. Wherefore defendant says that the consideration of all of said notes has totally failed."

By amendment the defendant alleged, that the notes were without consideration, because the contract required her, if she missed payment of any note at maturity before payment of a third of all the notes, to surrender the lot and permit the Cobbs Land Company to keep as rental the money paid, and declared that she acquired no right in the lot, and, according to the contract, she had no right to receive anything for any of the notes maturing after the time she first failed to pay a note.

As to paragraph 2 above and paragraphs not set out, the court sustained the demurrer. As to the remainder of the plea as amended the court overruled the demurrer, which attacked each paragraph as not setting out a defense.

*George B. Rush,* for plaintiff.

*Mitchell & Mitchell,* for defendant.